```
 1                  UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
 2                        MIAMI DIVISION
                       CASE NO. 13-20914-CR
 3

 4    UNITED STATES OF AMERICA,        Miami, Florida

 5            Plaintiff,               July 1, 2014

 6        vs.                          9:43 a.m. to 1:40 p.m.

 7    DAMION ST. PATRICK BASTON,       Courtroom 12-2

 8            Defendant.               (Pages 1 to 26)

 9
                        JURY TRIAL - DAY 11
10         BEFORE THE HONORABLE CECILIA M. ALTONAGA
                  UNITED STATES DISTRICT JUDGE
11

12    APPEARANCES:

      FOR THE GOVERNMENT:     OLIVIA S. CHOE, ESQ.
13                            ROY ALTMAN, ESQ.
                              Assistant United States Attorney
14                            99 Northeast Fourth Street
                              Miami, Florida 33132
15                            (305) 961-9437
                              Olivia.choe@usdoj.gov
16

17    FOR THE DEFENDANT:      DAVID P. ROWE, ESQ.
                              Law Office of David P. Rowe
18                            110 E Broward Boulevard
                              Suite 1700
19                            Fort Lauderdale, Florida 33131
                              (305) 731-0019
20                            davidrowe28@gmail.com

21    REPORTED BY:            STEPHANIE A. McCARN, RPR
                              Official Court Reporter
22                            400 North Miami Avenue
                              Twelfth Floor
23                            Miami, Florida 33128
                              (305) 523-5518
24                            Stephanie_McCarn@flsd.uscourts.gov

25
```

<u>I N D E X</u>

|  | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| **WITNESSES FOR THE GOVERNMENT:** |  |  |  |  |
|  | -- | -- | -- | -- |
| **WITNESSES FOR THE DEFENDANT:** |  |  |  |  |
|  | -- | -- | -- | -- |

| EXHIBITS MARKED & ADMITTED IN EVIDENCE | MARKED | ADMITTED |
|---|---|---|
| Plaintiff's Exhibit No. | -- | -- |
| Defendant's Exhibit No. | -- | -- |

MISCELLANEOUS

Proceedings........................................ Page 3
Court Reporter's Certificate...................... 26

```
 1        (The following proceedings were held at 9:43 a.m.)
 2             THE COURT:  I will need Mr. Baston.
 3             Ms. Choe, you have received the note from the juror?
 4             MS. CHOE:  Yes, Your Honor.
 5             THE COURT:  Okay.  And Mr. Rowe, as well?
 6             MS. CHOE:  Yes, we just gave him a copy.
 7        (Pause in proceedings.)
 8             THE COURT:  All right.  Let me discuss with you, as we
 9   wait for Mr. Baston.  Ms. Nandy (sic) contacted my courtroom
10   deputy yesterday by phone and told her that she did not want to
11   come back today because it was too hard for work purposes and
12   she had been gone too long.  My courtroom deputy asked her to
13   just put it in writing and that's why you have that E-mail.
14   And we only received the E-mail this morning.
15             Since then, we have been in touch with her several
16   times by phone and she indicated that she did not even have
17   money for a bus to get here, at which point we advised her that
18   we would send the marshal to pick her up and bring her here.
19   And then she says, Oh, I can go to the ATM, get some money and
20   be here, and I am not at home anyway.  And she was here within
21   25 minutes.
22             She has, since, been waiting outside the jury room
23   because we told her she would need to explain why she does not
24   want to continue deliberating with the -- the rest of the jury.
25   And at that point, she indicated that she did not want to come
```

1    in here and be questioned and she preferred just to go in and

2    bite the bullet and continue deliberating.

3              So I don't know what it is you all want to do, whether

4    you want her to continue as an active juror?  We have Alternate

5    No. 1 on standby, she works downtown and could be here within

6    five to ten minutes, she told us yesterday.  We just asked her

7    to be on standby in case we needed her to come in.  So I will

8    let you all discuss what this means and what you would like to

9    do.

10             MS. CHOE:  Thank you, Judge.

11             MR. ROWE:  Thank you, Your Honor.

12             THE COURT:  And Mr. Baston did arrive while I was

13   speaking.

14        (Pause in proceedings.)

15             MR. ALTMAN:  Judge, do you mind if Ms. Choe and I take

16   one minute just to chat?

17             THE COURT:  Not at all.

18        (Pause in proceedings.)

19             THE COURT:  How would the parties like to proceed with

20   this juror?

21             MS. CHOE:  Just one more moment, Your Honor.  Thank

22   you so much for your patience.

23             THE COURT:  All right.

24        (Pause in proceedings.)

25             MS. CHOE:  Your Honor, I think the parties agree

1    that -- that if this is -- because this is the second time that

2    Ms. Augustin has raised issues, that it does appear, whatever

3    were the reasons -- the actual reasons this morning, it does

4    appear she really does not want to be deliberating.  And

5    because we have three alternates, one of whom is ready, it

6    appears, to go, we would agree to excuse Ms. Augustin.

7            THE COURT:  Mr. Rowe?

8            MR. ROWE:  Yes, Your Honor, I would agree completely

9    with what Ms. Choe has indicated.  There is a duty to

10   deliberate and this juror has indicated on twice -- two

11   occasions that she does not have the capacity -- or is

12   unwilling or doesn't have to capacity to do so.

13           THE COURT:  All right.  Mr. Baston, are you in

14   agreement?

15           THE DEFENDANT:  Yes, Your Honor.

16           THE COURT:  All right.  Patricia, can we contact the

17   alternate, first, and then let Ms. Baston (sic) go, second?

18           All right.  Thank you very much.

19           Everybody else is there waiting to start and we will

20   wait for the alternate to arrive, then.

21           MS. CHOE:  Thank you, Judge.

22           MR. ROWE:  Thank you.

23           THE COURT:  Thank you.

24      (A recess was taken from 9:57 a.m. to 10:01 a.m.)

25           THE COURT:  I need Mr. Baston back.

1      (Pause in proceedings.)

2           THE COURT:  Mr. Rowe and Mr. Baston, when my courtroom

3      deputy went out to let Ms. Augustin know she was excused, she

4      found that Ms. Augustin had actually entered the jury room and

5      was deliberating with her fellow jurors, even though we had

6      asked her to wait outside.  I asked the court security officer

7      to ask her to step outside and wait, which is what we had

8      instructed her to do, so I can discuss this with all of you and

9      see what it is you want to do.

10          MR. ROWE:  Okay, thank you.

11          THE COURT:  Thank you.

12     (Pause in proceedings.)

13          THE COURT:  All right.  I know you folks have your

14     phones on silent but please be available to us.

15          MR. ALTMAN:  We apologize, Judge.

16          THE COURT:  All right.  Two issues.  When my courtroom

17     deputy went back to let Ms. Augustin know she could leave, she

18     found that she had entered the jury room and was deliberating,

19     despite the fact that the court security officer and Ms. Snead

20     had both told her to wait outside.  I told the court security

21     officer to take her out of the jury room, which he did and he

22     told her, You were told to wait outside, and she said, Yes, but

23     I decided to come in.

24          So she is now waiting outside.  I want to confirm with

25     everybody that you still want her replaced, that the alternate

1    is on her way, or whether you want her to go back into the jury

2    room and continue deliberating.

3         MS. CHOE:  The government would still want her to be

4    excused and have the alternate join the deliberations.

5         MR. ROWE:  Yes, Judge, the defense would still want

6    her replaced.

7         THE COURT:  All right.  Then my other question, and I

8    should have covered this with you before, to the extent that

9    the alternate comes now, should I give the jury instruction as

10   to what they are to do with the alternate or let them sort

11   things out, since they did begin deliberating on Friday?

12        MS. CHOE:  Your Honor, we would request that the Court

13   instruct the entire jury, once the alternate is seated, that

14   they should begin their deliberations anew.

15        THE COURT:  All right.  Do we know where the alternate

16   is yet?

17        COURTROOM DEPUTY:  She said it would take her about a

18   half an hour and she will knock when she comes.

19        THE COURT:  Half an hour?  To knock on your door?  All

20   right.  Okay.  All right.

21        And now we have this jury question, how would you like

22   to handle that?  And I am trying to rush things, I have another

23   jury waiting and other lawyers waiting in another trial I am in

24   the middle of.

25        MR. ROWE:  Your Honor, we think that the jury needs to

1    rely on your jury instructions, the agreed jury instructions as

2    they were given to the jury.

3         THE COURT:  I am not sure that my instructions address

4    the question, do they?

5         MR. ALTMAN:  Your Honor, I would say that -- that

6    there -- the instruction on money laundering in the fourth

7    element specifically makes clear that the unlawful activity we

8    are talking about is the unlawful activity in violation of

9    Title 18 U.S.C. §1596 which, as the Court and the defense are

10   aware, is an extra-territorial jurisdiction statute.  And, in

11   other words, whether prostitution is legal or illegal in

12   Australia is irrelevant.  The only relevant laws, for purposes

13   of the money laundering statute, are the underlying

14   sex-trafficking statute, which is an American law.

15        THE COURT:  All right.  So how do you want me to say

16   that?

17        MR. ROWE:  Your Honor, I don't think that you can -- I

18   don't think that you should instruct the jury.

19        THE COURT:  Why don't you all write up the answer that

20   you want me to give the jury.

21        MR. ALTMAN:  Yes, ma'am.

22        THE COURT:  Thank you.

23      (Pause in proceedings.)

24        MR. ROWE:  Your Honor.  I'm sorry --

25        THE COURT:  Can't hear you.

```
 1              MR. ROWE:  Are you asking for the defense's position

 2   on this question or are you asking for what our -- the

 3   defense's proposed instruction would be for you to give the

 4   jury?

 5              THE COURT:  I am just saying write something up so I

 6   can look at what it is you want me to answer the jury with.

 7              MR. ROWE:  Thank you.

 8              MS. CHOE:  Thank you.

 9       (Pause in proceedings.)

10              THE COURT:  All right.  Do we have any proposed

11   answer, Mr. Rowe?

12              MR. ROWE:  Yes, we have prepared --

13              THE COURT:  Have you conferred with the government

14   with their answer?

15              MR. ROWE:  No, Your Honor, we are still discussing.

16              MS. CHOE:  The instructions are quite different so we

17   would just propose reading them each to you because we are not

18   going to be able to agree, I don't think.

19              THE COURT:  Just let me just look at them.

20              MR. ALTMAN:  Judge, I warn you, my handwriting is --

21              THE COURT:  Your mother hoped you'd become a doctor?

22              MR. ALTMAN:  She probably still hopes.

23              MR. ROWE:  Yes, Your Honor, we are in fundamental

24   disagreement.

25              THE COURT:  Just let me see the two suggested answers,
```

1    please?  Could I see the suggested answers, please?

2           Okay.  The defendant's proposed answer to the jury's

3    question -- and the jury's question, to be clear, is, "If

4    prostitution is legal in Australia and money was made there by

5    those means, would it be illegal to transfer funds abroad,

6    specifically the United States?  Which laws are we to

7    consider?"

8           The defense is proposing, "Money laundering is the

9    traffic of illegal money.  Money made from prostitution in

10   Australia is not illegal.  The transfer of money from legal

11   activity -- legal activities in another jurisdiction is not

12   illegal and, therefore, does not constitute money laundering."

13          The government's proposed answer, "The laws of

14   Australia are not relevant to the charges in this case.  The

15   laws of the United States govern all of the charges.

16   Specifically, with respect to Counts 13 to 21, Element 4 makes

17   clear that the unlawful activity in question is the recruiting,

18   enticing, harboring, transporting, providing, obtaining, or

19   maintaining a person knowing or in reckless disregard of the

20   fact, that means of force, threats of force, fraud, coercion or

21   any combination of such means would be used to cause that

22   person to engage in a commercial sex act, in violation of U.S.

23   federal law, that is, 18 U.S.C. §§1591 and 1596.  Under U.S.

24   law, such conduct is illegal even if it took place outside of

25   the United States, if the defendant was present in the United

1    States at the time that he was charged.  As always, you should

2    consider all of my instructions as a whole."

3         Is there anything that counsel would like to say

4    before I announce which of these I am going to give the jury?

5         MR. ROWE:  Your Honor, in the -- first of all, we

6    would object to the initial -- we would be extremely concerned

7    and I would object.

8         THE COURT:  To the initial what, I'm sorry?

9         MR. ROWE:  The initial sentence that the laws of

10   Australia do not relate to the --

11        THE COURT:  Are not relevant to the case?

12        MR. ROWE:  This case, yes.  Because I feel that it

13   will make us prepare a new jury instruction, Your Honor, and

14   that was not one of the agreed jury instructions that was

15   submitted to the jury, that was agreed to, that were

16   negotiated, etc.  And we would submit, Your Honor, that -- if

17   the government's jury instruction were to be embraced, that it

18   would be basis for a mistrial because it's not one of the jury

19   instructions that was agreed to.  It is not -- one of the

20   things that the -- one of the juries -- it's not one of the

21   factors that the parties summed -- parties argued on and closed

22   on, and it is an *ex post facto* attempt to neutralize the

23   obvious fact that the -- that in Australia the laws on

24   prostitution are different from those on the United States, and

25   in -- and that the defendant had the right to go to Australia

1   and engage in certain types of activity which are illegal in

2   the United States.

3           Further, they, themselves, called a witness who --

4   they called two witnesses who admitted that prostitution was

5   legal in the United States so they are -- I'm sorry, it was

6   legal in Australia, an Australia, police officer and their own

7   Homeland Security officer.

8           So and the -- their government -- the -- their State

9   Department officer, Your Honor, so their three witnesses gave

10  testimony of fact about prostitution being legal in Australia

11  and clearly that evidence is relevant to the *mens rea* that is

12  associated with all of these statutes.

13          Now, clearly the defense would agree that if there are

14  other issues involved, beating, conspiracy, force, threats,

15  coercion, and if those things are proven, it would be a very

16  different matter.  But the mere fact of engaging in

17  prostitution in Australia, if the only issues were you made

18  money from prostitution in Australia, then you transfer those

19  moneys to the United States, then, Your Honor, then that is not

20  money laundering and the defense would -- would disagree,

21  fundamentally, with this attempt at the late stage to introduce

22  a new jury instruction.  It was not agreed to and is not really

23  the law.

24          MS. CHOE:  Your Honor, may I respond?

25          THE COURT:  Yes.

1       MS. CHOE:  We do believe that the Court has the

2 discretion and authority to respond to a question from the jury

3 with an additional instruction.  We would note, in addition,

4 that the proposed government's answer to the question, for the

5 most part, reiterates what is already in the Court's

6 instructions that have been given to the jury regarding the

7 money laundering counts.

8       We would also note that the defendant is not charged,

9 the indictment does not state and the instructions the Court

10 has given do not note that the underlying unlawful activity is

11 prostitution.  The instructions make clear in this answer --

12 proposed answer by the government reiterates that the

13 underlying unlawful activity is sex trafficking, set forth in,

14 obviously, many more words in the instruction and in this

15 proposed answer.

16       The laws of Australia are not relevant to the charges

17 in this case and so that's why the government believes the jury

18 should be made aware that all of the Court's instructions and

19 all of the law to be considered are the laws of the United

20 States.

21       THE COURT:  I am showing you the answer I propose to

22 give to the jury in writing to their question.

23       MS. CHOE:  The government would agree to this

24 instruction.

25       THE COURT:  All right.  I am sending this in.

```
 1              Mr. Rowe?

 2              MR. ROWE:  I'm conferring with the defendant.

 3              We would object to this.

 4              THE COURT:  All right.  Your objection is noted.

 5    Thank you.

 6              MR. ALTMAN:  Thank you, Judge.

 7              MS. CHOE:  Thank you, Judge.

 8              THE COURT:  You just need to wait, because as soon as

 9    the alternate comes, I need to instruct the jury.

10              MS. CHOE:  Yes, Judge.

11        (A recess was taken from 10:39 a.m. to 10:43 a.m.)

12              THE COURT:  We need Mr. Baston back out.

13              Ms. Choe, can you get Mr. Rowe, please?

14              MS. CHOE:  Oh, yes.

15              THE COURT:  Thank you.

16        (Pause in proceedings.)

17              THE COURT:  Let's bring the jury in, please.

18        (The jury entered the courtroom at 10:45 a.m.)

19              THE COURT:  Everyone, please be seated.  Ladies and

20    gentlemen, my apologies for keeping you waiting back there for

21    almost two hours.  You all saw Ms. Augustin earlier this

22    morning.  And, now, I believe, you see Ms. Eves is with you.

23    We have replaced Ms. Augustin with Ms. Eves due to some

24    personal issues that Ms. Augustin had.  We asked you to hold

25    off on deliberating until you were advised.  So now I am
```

1    advising you to begin your deliberations.

2         I know all of you but Ms. Eves began deliberating last

3    Friday and you deliberated for approximately an hour.  She was

4    not present.  I would ask that you now begin those

5    deliberations with her as one of your members and follow all of

6    my instructions as a whole.

7         And my courtroom deputy will be coming in shortly to

8    take your lunch orders as the hour has grown late and we will

9    be bringing lunch in for you in the jury room.

10        Thank you.

11        COURT SECURITY OFFICER:  All rise.

12        THE COURT:  I'm sorry, there is a question.

13        THE JUROR:  I am lactose-intolerant.  Don't feed me no

14   cheese.

15        THE COURT:  You are going to get to pick.

16        THE JUROR:  Okay.

17        THE COURT:  We are not going to feed you -- I am

18   lactose-intolerant, too.  But we won't pick your lunch for you.

19   All right.

20        Yes, ma'am.

21        THE JUROR:  There was one video that we wanted to see

22   and I know we need to ask for the equipment.

23        THE COURT:  All right.  We have the equipment for you

24   and it will be brought in.

25        (The jury exited the courtroom at 10:47 a.m.)

1            (A lunch recess was taken at 10:48 a.m.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**A F T E R N O O N   S E S S I O N**

1

2          (12:15 p.m.)

3          COURT SECURITY OFFICER:  All rise.

4          THE COURT:  Please be seated.  You have the jury's

5   question sent out at 12:05 p.m. "The Counts 7 to 9, what were

6   the evidence numbers that would show proof of intent, i.e.,

7   hotel, car rentals, etc."

8          Proposed answer?

9          MS. CHOE:  Your Honor, the government would propose

10  providing the jury with a copy of the exhibit list.  The

11  government filed a revised one yesterday based on all of the

12  exhibits that were admitted at trial, the first page of what we

13  filed is the list of the witnesses, and provide it to them as a

14  reference.

15         THE COURT:  Mr. Rowe?

16         MR. ROWE:  Your Honor, the defense -- the defense

17  suggests that the jury should be asked to rely on the

18  instructions already given by Your Honor in the jury

19  instructions and on the exhibits that have already been -- the

20  agreed exhibits that have already been submitted to the jury

21  room, Your Honor, without any additional instruction.  The --

22         THE COURT:  So basically a nonanswer, look through the

23  exhibits and locate them yourselves.

24         MR. ROWE:  And rely on the comprehensive instructions

25  that were already given you in the instructions.

```
 1            The United States' exhibit list has on it some slight
 2    comments in some of the -- it was prepared by the United States
 3    and -- as an exhibit list for counsel's reference, it's fine,
 4    but if we knew that it was going to be submitted as a document
 5    to go back to the jury, then, obviously, we would have examined
 6    it with far more particularity to see if -- and there are
 7    little comments in it that we think are not appropriate for
 8    jury deliberation, Your Honor.  And, again, it's not an exhibit
 9    and we would object to it going back to the jury room.
10            MS. CHOE:  Your Honor, we would be willing to, if the
11    Court permitted us the time, to redact any language that the
12    parties agreed should be taken out, if we had time to discuss
13    that.  And we would also be agreeable to the Court giving the
14    jury instruction that, of course, this is not evidence, this is
15    just a list to be used as reference.  But, as we are all aware,
16    there are hundreds of exhibits that have been admitted and so
17    we would propose using it just as an aid for the jury's
18    reference.
19            MR. ROWE:  At this stage, Your Honor, it would
20    actually take a lot of time, there are over 400 of these.  The
21    jury has had the opportunity to receive Your Honor's
22    instructions, the jury had had the opportunity during the trial
23    to see all -- see the exhibits, Your Honor.  The jury has
24    already started to deliberate on the basis of the exhibits.
25    There is no need at this stage for them to get the list.  We
```

1   would consider it --

2           THE COURT:  Can I see the list?

3           MS. CHOE:  Yes, Your Honor.

4           MR. ROWE:  We consider it prejudicial and contrary to

5   the rules, Your Honor.

6           THE COURT:  Could I see the list?

7           MR. ROWE:  And furthermore, Your Honor, the jury is

8   not asking for the entire list.  They are only asking for

9   clarification for Counts 7 through 9.

10          THE COURT:  Right.  It would be far worse if I simply

11  directed them to the exhibits responsive to the question, Mr.

12  Rowe.

13          MR. ROWE:  Well, I don't know, Your Honor, I mean, we

14  are not in the jury room.

15          THE COURT:  Right, but if I started picking out the

16  ones that I thought pertained to 7 through 9 and sent them just

17  that portion of it, that would be far worse than giving them

18  the entire list.

19          MR. ROWE:  Well, I won't argue with Your Honor on that

20  point, I take Your Honor's point.  I am just saying they are

21  not requesting the jury list.

22          THE COURT:  Indeed, they are not.  Indeed, they are

23  not.  I know that.

24      (Pause in proceedings.)

25          THE COURT:  My intention is to answer as follows, "You

1    are asked to rely on the Court's instructions on the law and

2    consider all the exhibits and evidence admitted."

3              MR. ROWE:  Thank you.

4              THE COURT:  Thank you.

5              MS. CHOE:  Thank you, Judge.

6              Your Honor?

7              THE COURT:  Yes?

8              MS. CHOE:  Would it be possible for me get that

9    exhibit list back?

10             THE COURT:  Yes, certainly.

11             MS. CHOE:  Thank you.

12        (A recess was taken from 1:00 p.m. to 1:30 p.m.)

13             THE COURT:  Please be seated.  We are waiting on the

14   defense.

15             (Pause in proceedings.)

16             THE COURT:  Let's bring the jury in, please.

17             COURT SECURITY OFFICER:  All rise.

18        (The jury entered the courtroom at 1:31 p.m.)

19             THE COURT:  Everyone, please be seated.

20             Ladies and gentlemen, it is my understanding that you

21   have reached a verdict.  I would ask the jury foreperson to

22   hand my courtroom deputy the verdict form.

23             There are no errors or omission in the filling out of

24   the verdict form.  I will publish the verdict at this time.

25   United States versus Damion St. Patrick Baston, verdict, "We

```
 1   the jury unanimously find as follows:  As to Count 1 of the
 2   superseding indictment, guilty.
 3           As to Count 2 of the superseding indictment, guilty.
 4           As to Count 3 of the superseding indictment, guilty.
 5           As to Count 4 of the superseding indictment, guilty.
 6           As to Count 5 of the superseding indictment, guilty.
 7           As to Count 6 of the superseding indictment, guilty.
 8           As to Count 7 of the superseding indictment, guilty.
 9           As to Count 8 of the superseding indictment, guilty.
10           As to Count 9 of the superseding indictment, guilty.
11           As to Count 10 of the superseding indictment, guilty.
12           As to Count 11 of the superseding indictment, guilty.
13           As to Count 12 of the superseding indictment, guilty.
14           As to Count 13 of the superseding indictment, guilty.
15           As to Count 14 of the superseding indictment, guilty.
16           As to Count 15 of the superseding indictment, guilty.
17           As to Count 16 of the superseding indictment, guilty.
18           As to Count 17 of the superseding indictment, guilty.
19           As to Count 18 of the superseding indictment, guilty.
20           As to Count 19 of the superseding indictment, guilty.
21           As to Count 20 of the superseding indictment, guilty.
22           As to Count 21 of the superseding indictment, guilty.
23           Signed on today's date by the jury foreperson.
24           Do counsel for either the government or the defendant
25   desire the jury to be polled?
```

1          MR. ROWE:  Yes, Your Honor, the defense would like

2     them to be polled.

3          THE COURT:  Ladies and gentlemen, at this time my

4     courtroom deputy will ask each of you, individually, whether

5     this verdict which I have read out loud is, in fact, your

6     verdict.  Please answer.

7          THE COURTROOM DEPUTY:  Juror Guerrero, is this your

8     verdict?

9          JUROR GUERRERO:  It is.

10          THE COURTROOM DEPUTY:  Juror Stunda, is this your

11     verdict?

12          JUROR STUNDA:  It is.

13          THE COURTROOM DEPUTY:  Juror Cano, is this your

14     verdict?

15          JUROR CANO:  It is.

16          THE COURTROOM DEPUTY:  Juror Taylor, is this your

17     verdict?

18          JUROR TAYLOR:  It is.

19          THE COURTROOM DEPUTY:  Juror Gonzalez, is this your

20     verdict?

21          JUROR GONZALEZ:  Yes.

22          THE COURTROOM DEPUTY:  Juror Sherman, is this your

23     verdict?

24          JUROR SHERMAN:  Yes.

25          THE COURTROOM DEPUTY:  Juror Lopez, is this your

1    verdict?

2         JUROR LOPEZ:  It is.

3         THE COURTROOM DEPUTY:  Juror Pintado, is this your

4    verdict?

5         JUROR PINTADO:  Yes.

6         THE COURTROOM DEPUTY:  Juror Garcia, is this your

7    verdict?

8         JUROR PINTADO:  It is.

9         THE COURTROOM DEPUTY:  Juror Hopkins, is this your

10   verdict?

11        JUROR HOPKINS:  Yes.

12        THE COURTROOM DEPUTY:  Juror Perroni, is this your

13   verdict?

14        JUROR PERRONI:  Yes.

15        THE COURTROOM DEPUTY:  Juror Eves, is this your

16   verdict?

17        JUROR EVES:  It is.

18        THE COURTROOM DEPUTY:  They all answered affirmative,

19   Your Honor.

20        THE COURT:  Ladies and gentlemen, I wish to thank you

21   for your time and the careful consideration that you have given

22   this case.  I also wish to advise you of some special

23   privileges that are enjoyed by jurors.  For many centuries our

24   society has relied upon juries for the consideration of

25   difficult cases.  And we have recognized for hundreds of years

1   that a jury's deliberations, discussions and votes should

2   remain its private affair for as long as the jury wishes.  You

3   are certainly at liberty, now, to speak with anyone about this

4   case and you remain at liberty to refuse to speak with anyone.

5   Your requests may come from those who are simply curious or

6   from those who seek to find fault with you.  I leave it up to

7   each of you, individually, to decide whether or not to preserve

8   your privacy as jurors.  I will say that the parties and the

9   lawyers in this case cannot contact you regarding the case or

10  your deliberations.

11          My courtroom deputy will follow you into the jury room

12  one last time and pass out forms from our jury pool section

13  that shows the days that you have been with us.  Some of you

14  may need to show your employers those forms to verify your

15  service.  And she will also pass out certificates that I have

16  signed thanking you, again, personally for your service.  All

17  of your notes will be gathered by my courtroom deputy and

18  destroyed.

19          And thank you, again.  You have a good day.

20          COURT SECURITY OFFICER:  All rise.

21      (The jury exited the courtroom at 1:38 p.m.)

22          THE COURT:  Mr. Baston, based upon the jury's verdict,

23  I do now adjudge you guilty of Counts 1 through 21 of the

24  superseding indictment.  You will be returned to the court on

25  September the 10th at 8:30 for sentencing.

```
1              Is there anything additional?

2              MR. ALTMAN:  Your Honor, I was wondering if we can

3   move it up a few days from September the 10the, because I will

4   be out of the country that day.  I leave September the 6th, so

5   the first week of September would be fine.

6              THE COURT:  All right.

7              MR. ALTMAN:  If the Court is free.

8              THE COURT:  Friday, September the 5th at 9 a.m.?

9              MR. ALTMAN:  Thank you, Judge.

10             THE COURT:  All right.

11             Is there anything additional?

12             MS. CHOE:  Not from the government, Your Honor.

13             THE COURT:  Mr. Rowe?

14             MR. ROWE:  Not from the defense, Your Honor.

15             THE COURT:  Thank you.  You all have a good day.

16             MS. CHOE:  Your Honor, I know that your -- have

17  another trial.  As far as the exhibits, should we contact

18  Patricia separately or just wait?

19             THE COURT:  I think you just wait.  She is just going

20  to let them go and she can get all that --

21             MS. CHOE:  We will just wait back here.

22             THE COURT:  Okay.

23             MS. CHOE:  Thank you.

24             MR. ALTMAN:  Thanks, Judge.

25        (The proceedings adjourned at 1:40 p.m.)
```

1

## C E R T I F I C A T E

2

3          I hereby certify that the foregoing is an

4     accurate transcription of the proceedings in the

5     above-entitled matter.

6

7

8     _07/22/14__
      DATE                     STEPHANIE A. McCARN, RPR

9                              Official United States Court Reporter
                               400 North Miami Avenue, Twelfth Floor
                               Miami, Florida 33128

10                             (305) 523-5518

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25