# United States District Court
## Southern District of Florida
### MIAMI DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number - 1:13-20914-CR-ALTONAGA-1 |
| **DAMION ST. PATRICK BASTON** | USM Number: 69724-054 |
| | Counsel For Defendant:   David P. Rowe, Esq. |
| | Counsel For The United States:   Olivia S. Choe, Esq. and Roy Altman, Esq. |
| | Court Reporter: Stephanie McCarn |

_____

**Date of Original Judgment:**   December 29, 2014
**Reason for Amendment:**   Modification of Restitution Order (18 U.S.C.   § 3664)

The defendant was found guilty of Counts 1 through 21 of the Superseding Indictment.
The defendant is adjudicated guilty of the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1591(a)(1) and (b)(1) | Sex Trafficking by Force, Fraud, and Coercion | May 15, 2012 | 1 |
| 18 U.S.C. § 1591(a)(1) and (b)(1) | Sex Trafficking by Force, Fraud, and Coercion | August, 2012 | 2 |
| 18 U.S.C. § 1591(a)(1) and (b)(1) | Sex Trafficking by Force, Fraud, and Coercion | December 17, 2013 | 3 |
| 8 U.S.C. § 1328 | Importation of Alien for Prostitution | February 22, 2012 | 4 |
| 18 U.S.C. § 2421 | Transportation of an Individual for Prostitution | February 22, 2012 | 5 |
| 18 U.S.C. § 2421 | Transportation of an Individual for Prostitution | April 16, 2012 | 6 |
| 18 U.S.C. § 2421 | Transportation of an Individual for Prostitution | April 16, 2012 | 7 |
| 18 U.S.C. § 2421 | Transportation of an Individual for Prostitution | April 29, 2012 | 8 |
| 18 U.S.C. § 2421 | Transportation of an Individual for Prostitution | April 29, 2012 | 9 |
| 18 U.S.C. § 1542 | Use of Passport Issued by Means of False Statement | February 22, 2012 | 10 |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | February 22, 2012 | 11 |
| 8 U.S.C. § 1326(a) and (b)(2) | Reentry of Removed Alien | February 22, 2012 | 12 |
| 18 U.S.C. § 1956 | Laundering of Monetary Instruments | February 22, 2012 | 13 |
| 18 U.S.C. § 1956 | Laundering of Monetary Instruments | February 22, 2012 | 14 |

| | | | |
|---|---|---|---|
| 18 U.S.C. § 1956 | Laundering of Monetary Instruments | February 27, 2012 | 15 |
| 18 U.S.C. § 1956 | Laundering of Monetary Instruments | March 21, 2012 | 16 |
| 18 U.S.C. § 1956 | Laundering of Monetary Instruments | March 22, 2012 | 17 |
| 18 U.S.C. § 1956 | Laundering of Monetary Instruments | March 23, 2012 | 18 |
| 18 U.S.C. § 1956 | Laundering of Monetary Instruments | March 26, 2012 | 19 |
| 18 U.S.C. § 1956 | Laundering of Monetary Instruments | March 27, 2012 | 20 |
| 18 U.S.C. § 1956 | Laundering of Monetary Instruments | March 28, 2012 | 21 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
September 29, 2014

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

February 20, 2015

DEFENDANT: DAMION ST. PATRICK BASTON
CASE NUMBER: 1:13-20914-CR-ALTONAGA-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **324 months**.  This term consists of 300 months as to Counts 1, 2, and 3; 120 months as to Counts 4 through 10; 240 months as to Counts 12 through 21, to be served concurrently with each other; and 24 months as to Count 11, to be served consecutively to Counts 1 through 10 and Counts 12 through 21.

The defendant is remanded to the custody of the United States Marshal.

The Court recommends that the Defendant is designated to a facility located in New York State.

## RETURN

I have executed this judgment as follows:

._____

_____

._____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

DEFENDANT: DAMION ST. PATRICK BASTON
CASE NUMBER: 1:13-20914-CR-ALTONAGA-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **LIFE**.   This term consists of life as to Counts 1 through 3 and Counts 5 through 9; 3 years as to Counts 4, 10, 12, and 13 through 21; and 1 year as to Count 11, with all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DAMION ST. PATRICK BASTON
CASE NUMBER: 1:13-20914-CR-ALTONAGA-1

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

**Surrendering to Immigration for Removal After Imprisonment -** At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act.  If removed, the defendant shall not reenter the United States without the prior written permission of the Undersecretary for Border and Transportation Security.  The term of supervised release shall be non-reporting while the defendant is residing outside the United States.  If the defendant reenters the United States within the term of supervised release, the defendant is to report to the nearest U.S. Probation Office within 72 hours of the defendant's arrival.

**Sex Offender Registration -** If not removed, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

**Computer Modem Restriction -** The defendant shall not possess or use a computer that contains an internal, external or wireless modem without the prior approval of the Court.

**Computer Possession Restriction -** The defendant shall not possess or use any computer; except that the defendant may, with the prior approval of the Court, use a computer in connection with authorized employment.

**Data Encryption Restriction -** The defendant shall not possess or use any data encryption technique or program.

**Employer Computer Restriction Disclosure -** The defendant shall permit third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon the defendant.

**Financial Disclosure Requirement -** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**No New Debt Restriction -** The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Permissible Computer Examination -** The defendant shall submit to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer(s) equipment which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.

**Permissible Search -** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Restricted from Possession of Sexual Materials -** The defendant shall not buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct.  The defendant shall not correspond or communicate in person, by mail, telephone, or computer, with individuals or companies offering to buy, sell, trade, exchange, or produce visual depictions of minors or adults engaged in sexually explicit conduct.

**Self-Employment Restriction -** The defendant shall obtain prior written approval from the Court before entering into any self-employment.

DEFENDANT: DAMION ST. PATRICK BASTON
CASE NUMBER: 1:13-20914-CR-ALTONAGA-1

**Sex Offender Treatment -** The defendant shall participate in a sex offender treatment program to include psychological testing and polygraph examination.  Participation may include inpatient/outpatient treatment, if deemed necessary by the treatment provider.  The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

DEFENDANT: DAMION ST. PATRICK BASTON
CASE NUMBER: 1:13-20914-CR-ALTONAGA-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the Schedule of Payments sheet.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $2,100.00 | 0 | $99,270.00 |

Restitution with Imprisonment -

It is further ordered that the defendant shall pay restitution in the amount of **$99,270.00**.  During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order.

Upon release of incarceration, the defendant shall pay restitution at the rate of 15% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice.  The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay.  These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| TO BE PROVIDED BY THE UNITED STATES PROBATION OFFICE | $99,270.00 | $99,270.00 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DAMION ST. PATRICK BASTON
CASE NUMBER: 1:13-20914-CR-ALTONAGA-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    A.  Lump sum payment of **$2,100.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

    U.S. CLERK'S OFFICE
    ATTN: FINANCIAL SECTION
    400 NORTH MIAMI AVENUE, ROOM 8N09
    MIAMI, FLORIDA 33128-7716

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution,(7) penalties, and (8) costs, including cost of prosecution and court costs.